# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:12-cv-00258-MR
# [CRIMINAL CASE NO. 1:06-cr-000267-MR-1]

| | |
|---|---|
| ANTHONY TYRONE MORRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion under 28, United States Code, Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. 1] and the Government's Response in Opposition to the Motion to Vacate [Doc. 7]. For the reasons that follow, the Court finds that the petition must be dismissed as untimely.

## I. PROCEDURAL HISTORY

On December 6, 2006, the grand jury for the Western District of North Carolina charged Petitioner with two counts of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Counts One and Five); one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (Count Two); and two

counts of possession with intent to distribute crack cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(C) (Counts Three and Four). [Crim. Case No. 1:06-cr-00267, Doc. 1: Indictment]. Petitioner pled guilty pursuant to a written plea agreement to one count of possession of a firearm during and in relation to a drug trafficking crime, one count of possession of a firearm by a felon, and the two drug trafficking counts. [Id., Doc. 11: Plea Agreement; Doc. 12: Acceptance & Entry of Guilty Plea]. In exchange, the Government agreed to dismiss the second § 924(c) count. [Id., Doc. 11 at 1]. As part of the plea agreement, Petitioner agreed to waive the right to appeal or collaterally attack his conviction and sentence, with the exception of claims of ineffective assistance of counsel or prosecutorial misconduct. [Id. at 5].

On November 28, 2007, this Court sentenced Petitioner to 75 months in prison for the felon-in-possession and drug trafficking counts, to run concurrently, followed by a mandatory consecutive term of 60 months in prison for the § 924(c) count, for a total of 135 months in prison. [Id., Doc. 14: Judgment]. This Court entered judgment on December 7, 2007, and Petitioner did not appeal. On March 2, 2009, this Court entered an amended judgment, pursuant to 18 U.S.C. § 3582, reducing Petitioner's sentence on the felon-in-possession and drug trafficking counts to 45

2

months in prison following retroactive amendments to the drug guidelines. [Id., Doc. 19: Amended Judgment].

Petitioner placed the instant petition in the prison mailing system on August 13, 2012, and it was stamp-filed in this Court on August 17, 2012. [Doc. 1]. In the § 2255 petition, Petitioner contends that he is entitled to relief under the Fourth Circuit's *en banc* decision in United v. Simmons, 649 F.3d 237 (4th Cir. 2011).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations

period for the filing of a motion to vacate. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

As noted, judgment was entered on December 7, 2007, and Petitioner did not appeal. Petitioner's conviction, therefore, became final ten days later when his time to appeal expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); Fed. R. App. P. 4(b)(1)(A) (effective until December 9, 2009) (requiring defendant to file an appeal within ten days of entry of judgment). Because Petitioner filed his motion to vacate more than four and a half years later, his motion

4

is untimely under § 2255(f)(1), and none of the other time periods set forth under § 2255(f) applies to render the petition timely.

In addition to the fact that the § 2555 petition is time-barred, Petitioner's claim is subject to dismissal because he waived his right in his plea agreement to bring such claim. [See Criminal Case No. 1:06-cr-00267, Doc. 11 at 5]. Such a waiver is enforceable as long as the defendant waives this right knowingly and voluntarily. See United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005) ("A criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."); see also United States v. Copeland, 707 F.3d 522, 529-30 (4th Cir. 2013) (dismissing appeal of defendant challenging sentencing enhancement in light of Simmons because defendant waived his right to appeal his sentence in his plea agreement); United States v. Snead, No. 11-5100, 2012 WL 541755 (4th Cir. Nov. 7, 2012) (unpublished) (same).

Here, Petitioner does not allege in his motion that his plea was either unknowing or involuntary, nor could he, as the Rule 11 colloquy establishes that he pled guilty understanding the charge to which he was pleading guilty as well as the consequences of his plea, including his waiver of his right to challenge his sentence in a post-conviction proceeding. His petition

5

does not present either a claim of ineffective assistance of counsel or a claim of prosecutorial misconduct. Accordingly, neither of the exceptions to his waiver applies, and his motion to vacate would be subject to dismissal even if it were not time-barred.

Finally, the Court finds that, even if the petition were not time-barred and if Petitioner had not waived the right to bring his Simmons claim, Petitioner's Simmons claim would fail on the merits because he was convicted of a crime punishable by more than a year in prison prior to committing the felon-in-possession offense. Section 922(g)(1) prohibits the possession of a firearm by any person who has been convicted of a felony, defined as "a crime punishable for a term exceeding one year." 18 U.S.C. § 922(g)(1). Interpreting nearly identical language, the Fourth Circuit held in Simmons that an offense is considered a felony only if the defendant could have received a sentence of more than one year in prison. 649 F.3d at 247. In so doing, the Fourth Circuit overturned its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the court had held that an offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Simmons, 649 F.3d at 247. Thus, for

purposes of a qualifying predicate conviction under § 922(g)(1), a predicate conviction is not "punishable for a term exceeding one year," unless the defendant could have received a sentence of more than one year in prison. Petitioner's § 922(g)(1) conviction is valid because he had at least one qualifying predicate felony conviction when he committed the offense. Specifically, on February 18, 1995, Petitioner was convicted of driving while impaired in North Carolina state court and received a suspended sentence of 24 months in prison. [Crim. Case No. 1:06-cr-00267, Doc. 36 at 9: PSR]. As such, Petitioner had a prior conviction for which he could, and in fact received, a prison sentence in excess of a year.

**IV. CONCLUSION**

For the reasons stated herein, the Court will dismiss the § 2255 petition as untimely.

The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000)). Petitioner has failed to demonstrate both that this Court's

dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that Petitioner's § 2255 motion [Doc. 1] is **DISMISSED WITH PREJUDICE** as untimely.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Signed: January 9, 2015

Martin Reidinger
United States District Judge